UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN RYAN, <br><br> Plaintiff, <br><br> v. <br><br> LaPORTE COUNTY JAIL, et al., <br><br> Defendants. | CAUSE NO. 3:19-CV-1069-JD-MGG |

OPINION AND ORDER

Kevin Ryan, a prisoner without a lawyer, filed a complaint alleging he was a pretrial detainee when he was subjected to several policies at the LaPorte County Jail which violated his Fourteenth Amendment rights. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the

actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, __; 135 S. Ct. 2466, 2473 (2015) (quoting *Bell*).

Ryan alleges he was required to sleep on the floor under a metal toilet seat for a year where he was splashed with urine and feces. He alleges he was denied any recreation. He alleges he was required to sit on stairs or stand to eat meals. He alleges he was prohibited from having food in his cell. He alleges all of these events were the result of official jail policies. Pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), a sheriff in his official capacity can be held liable for monetary damages. *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010). Though there may be legitimate nonpunitive governmental reasons for each of these policies, Ryan has plausibly alleged these policies exist and that they are excessive or irrational. Therefore, he may proceed against Sheriff Jon Boyd in his official capacity for maintaining and enforcing these policies.

Ryan also names three other defendants, but all of them must be dismissed. The LaPorte County Jail is a building – it is not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The other two defendants, Captain Ott and Sergeant Wilcher are not alleged to have been personally involved with Ryan and it is unnecessary to have more than one official capacity defendant for the official jail policy claims.

Ryan seeks both monetary damages and injunctive relief. When he filed this lawsuit, he was in the LaPorte County Jail, but he is now at the Westville Correctional Facility. "If a prisoner is transferred to another prison, his request for injunctive relief

against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Because there is no indication he is likely to be retransferred, the injunction claims must be dismissed.

For these reasons, the court:

(1) GRANTS Kevin Ryan leave to proceed against Sheriff Jon Boyd in an official capacity for compensatory damages for maintaining and enforcing polices which required Ryan to sleep on the floor under a metal toilet seat for a year where he was splashed with urine and feces, to be denied all recreation, to have to sit on stairs or stand to eat meals, and to not have food in his cell in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES LaPorte County Jail, Ott, and Wilcher;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Sheriff Jon Boyd, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Jon Boyd to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 18, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT